Dear Mr. McGehee:
This office is in receipt of your request for an opinion of the Attorney General in regard to the obligation for financial costs for the operation and maintenance of the jail facility in Bogalusa, Louisiana. You indicate the lockup facility has been closed since December, 1991 although the Bogalusa Police Department and Washington Parish Sheriff's Office maintain administrative offices at the location. When the facility was approved for reopening by the State Fire Marshall after minor corrections, and consent of Federal Judge Polozola to open, the Police Jury refused to furnish financial support necessary for the reopening. They maintain that the Franklinton facility satisfies the legal responsibility of the Police Jury.
It is your contention that the Washington Parish Police Jury is mandated to financially support and maintain the twenty-four hour holding facility in addition to the main parish jail in Franklinton. You argue that the facility in Bogalusa is a component part of the parish jail system inasmuch as it was included in the wording in the proposition as it appeared and was approved by voters of Washington Parish on November 4, 1980.
The proposition approved by the voters stated as follows:
 Shall the Parish of Washington, State of Louisiana incur debt and issue bonds to the amount of One Million One Hundred Fifteen Thousand Dollars (1,115,000), to run twenty (20) years from date thereof, with interest at a rate not exceeding nine per centum (9%) per anum, for the purpose of constructing a Parish jail system and facilities, with component parts thereof at Franklinton and at Bogalusa, respectively, including any necessary site, necessary equipment and furnishings therefor, which bonds will be general obligations of said Parish and will be payable from ad valorem taxes to be levied and collected in the manner provided by Article VI, Section 33 of the Constitution of the State of Louisiana of 1974, and statutory authority supplemental thereto?
In your request for an opinion you ask whether the Washington Parish Police Jury is obligated for the financial costs in the operation and maintenance of the jail facility in Bogalusa.
This office has stated that the bond proceeds must be used for the purpose stated in the proposition voted upon by the electorate and no other purpose inasmuch as the scope of the authority for expenditures is concomitant to the consent of the electorate, and the ordinary sense of the words contained in the proposition is dispositive. It has also been found that the proceeds constitute a trust to be used exclusively for the purpose for which the bonds were authorized, and the police jury cannot legally change the distribution without an election, and the election could not authorize a change, reduction or reallocation of tax as long as bonds secured by that portion of the tax are outstanding. However, if sales tax has not been pledged to the payment of bonds, the police jury could hold an election to have the voters approve a rededication and reallocation of the sales tax. Atty. Gen. Op. Nos. 96-83, 93-569, 93-47, 92-468.
We note from the wording of the proposition the voters approved funding "for the purpose of constructing a Parish jail system and facilities, with component parts thereof at Franklinton and atBogalusa" and "including any necessary site, necessary equipment and furnishings therefor." Whereas the City Council contends this is a mandate "to financially support and maintain the twenty four (24) hour holding facility in Bogalusa in addition to the main parish jail in Franklinton", we are of the opinion that there is a distinction between the funding for construction, equipment and furnishing a facility, and funding for maintenance and operation of a facility. In Atty. Gen. Op. No. 92-468 the office stated, "Thus, for example, if the tax proposition states that the tax proceeds are to be used for operation and maintenance of a jail facility, the tax proceeds could not be used to construct a jail facility". With the reverse being also true, we do not find the proposition approved by the electorate for construction mandates the Parish Police Jury to reopen and maintain the lockup facility in Bogalusa under the bond issue.
Moreover, this conclusion is consistent with the earlier opinion rendered by this office on this same issue, Atty. Gen. Op. No. 94-79, wherein it was asked whether the police jury had the legal obligation to maintain the Bogalusa jail. It was stated the funds from the bond issue for "constructing a Parish jail system and facilities, with component parts thereof at Franklinton and at Bogalusa" cannot be used for maintenance, and nothing would prohibit the governing authority from closing a jail facility and be relieved of this maintenance burden. It was concluded:
 While the police jury has the obligation to maintain all operating parish jails, we cannot say all facilities, once open, must remain in operation. Moreover, we do not believe the sheriff, as keeper of the jail, can force the police to jury to open a facility for his use. The police jury is mandated to provide "a good and sufficient jail", and if this is being done they have met this obligation.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR